UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE M. VERA, INDIVIDUALLY, AND | § | |
| ON BEHALF OF THE ESTATE OF | § | |
| ERENDIDA CERVANTES, | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| FORD MOTOR COMPANY | § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW JOSE M. VERA, individually and on behalf of the Estate of Erendida Cervantes, hereinafter "Plaintiffs", complaining of Defendant FORD MOTOR COMPANY, hereinafter "Defendant", and in support of their causes of action, respectfully allege to the Court the following:

## THE PARTIES

1.       Plaintiff Jose M. Vera is a citizen of the State of Texas and an individual resident of Fresno, Fort Bend County, Texas. He was the lawful spouse of the deceased, Erendida Cervantes at the time of her death. He brings these negligence and wrongful death actions against Defendant on his behalf individually and on behalf of all eligible members of the wrongful death statute, Tex. Civ. Prac. & Rem. Code §§ 71.001 to 71.004, including but not limited to his two minor children who lost their mother. He also brings these claims on behalf of the Estate of Erendida Cervantes as her husband and lawful heir for her survival claim.

2.       Defendant Ford Motor Company (hereinafter "FORD") is a foreign corporation registered to do business in Texas and does business in Texas. Defendant FORD is a Delaware corporation with its principal place of business in Michigan. Defendant FORD Motor Company

may be served by serving its registered agent c/o CT Corp System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant as each are residents of differing states.

4.      This Court has specific personal and general jurisdiction over Defendant FORD. Defendant FORD has done business in Texas, sold, marketed and placed into the stream of commerce the subject vehicle in this case and other automotive products in Texas, and has committed negligent acts or omissions in Texas, as is further alleged below.

5.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendant FORD sells products in this District, a substantial portion of the tortious conduct occurred in this District, and the accident that gave rise to Plaintiff Erendida Cervantes' death occurred in this District.

## FACTUAL BACKGROUND

6.      On or about October 4th, 2020, at approximately 1:35 p.m., Plaintiff Erendida Cervantes was stopped at a red light in the intersection of the 7000 block of State Highway 6 and 2800 block of Lake Olympia Parkway in Fort Bend County, Texas with her husband Plaintiff Jose M. Vera, in her 2019 Land Rover Range Rover ("Cervantes Vehicle"). The Cervantes Vehicle was struck from behind by a 2009 Lincoln Navigator (Vehicle Identification Number 5LMFU27559EJ00986) ("Subject Vehicle") traveling southbound in the 7000 block of State Highway 6. The Subject Vehicle continued to push the Cervantes Vehicle from behind causing her to strike a 2012 Honda Pilot stopped at the red light facing northbound in the turning lane in the intersection of the 7000 block of State Highway 6 and 2800 block of Lake Olympia Parkway.

7.      Plaintiff Erendida Cervantes died as a result of the collision.

Plaintiff's Original Complaint

## COUNT ONE: STRICT LIABILITY

8.      Plaintiffs hereby incorporate all prior allegations at though set forth herein.

9.      Defendant FORD, at all relevant times, was engaged in the design, testing, manufacture, distribution, and sale of automobiles, including the Subject Vehicle set forth above.

10.     The Subject Vehicle was expected to and did reach users and consumers without substantial change in the condition in which it was sold. The Subject Vehicle was sold in approximately May 2009. The Subject Vehicle was without substantial modification in any way at the time of the collision.

11.     The Subject Vehicle was in a defective condition creating a risk of harm to a user or consumer or innocent third-party on the shared roads, including Plaintiffs through Cervantes when it was manufactured and sold by Defendant FORD.

12.     The Subject Vehicle was and is unreasonably dangerous and defective in design or formulation for its intended use and posed a risk of serious injury and death which could have been reduced or entirely avoided by the adoption of a feasible reasonable safer alternative design.

13.     The Subject Vehicle was defective and unreasonably dangerous in that it lacked a forward collision warning system to alert the driver of an impending collision with another vehicle, and it lacked an automatic emergency braking system to reduce the impact speed of a collision or avoid the collision entirely.

14.     There were safer alternative designs for the Subject Vehicle, including, but not limited to, other Ford or related manufacturers vehicles that included a forward collision avoidance system and automatic emergency braking, other Ford vehicles that included a forward collision avoidance system and automatic emergency braking, and other vehicles made by other vehicle manufacturers that fully incorporated forward collision warning and automatic braking systems as safety equipment.

Plaintiff's Original Complaint

15.     The Subject Vehicle, as designed, manufactured, marketed, sold, and supplied, was defective due to inadequate and missing safety measures as set forth above that rendered the vehicle defective and unsafe. Indeed, the safer alternatives available in 2009 and years earlier would have been effective to ameliorate the defect and avoid or mitigate the collision that resulted in Plaintiffs' injuries and Cervantes' death.

16.     Such alternative designs set forth above were economically and technologically feasible at the time the Subject Vehicle left the control of Defendant FORD.

17.     The defects set forth herein caused Plaintiffs' injuries and Cervantes' death.

18.     Plaintiffs' injuries and losses were directly and proximately caused by Defendant FORD's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the defective Subject Vehicle resulting in a defective condition for which Defendant FORD is strictly liable to Plaintiffs pursuant to Restatement (Second) of Torts § 402A. and Texas law.

19.     Plaintiffs' injuries and Cervantes' death were caused by Defendant FORD designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the Subject Vehicle without proper and adequate warnings, instructions, and/or guidelines for safe use for which Defendant FORD is strictly liable to Plaintiffs.

20.     Defendant FORD's actions and omissions set forth above directly and proximately caused past and future injury to Plaintiffs, both as husband and children, from the death of Cervantes, including but not limited mental anguish, pain and suffering, loss of enjoyment of life, lost wages and benefits Cervantes would have earned, lost care, maintenance, support, advice and counsel, lost love, companionship, comfort and society, lost inheritance, loss of consortium for both Plaintiff Vera and both of his children for the death of their mother, and loss of household

contributions. Further, Plaintiff Vera has suffered loss of relationship with his wife, Cervantes, including but not limited to loss of affection, loss of consortium, loss of companionship, loss of emotional support, loss of martial relations, loss of support and services, loss of financial support, loss of family income and benefits, medical expenses, and loss of enjoyment of life. Plaintiffs have suffered damages in the past and will in reasonable probability continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court. Plaintiffs' injuries from the death of Cervantes are permanent.

21.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

22.     All injuries suffered by Plaintiffs relating to this incident, past, present and future, are due to the negligence or gross negligence of Defendant FORD without any contributing negligence on the part of Plaintiffs.

### COUNT TWO: NEGLIGENCE AGAINST DEFENDANT FORD

23.     Defendant FORD owed a duty to Plaintiffs to design, manufacture, fabricate, assemble, inspect, market, distribute, sell, and/or supply vehicles, including but not limited to the Subject Vehicle, in a way as to avoid harm to persons using them or on the roads with persons using them such as Plaintiffs.

24.     Defendant FORD owed Plaintiffs a duty to detect safety defects in its vehicles before selling them, and to exercise ordinary care in the design, manufacture, fabrication, marketing, distribution, sale and supplying of the vehicles by equipping them with forward collision warning and automatic braking systems.

25.     Defendant FORD was careless and negligent, in its designing, manufacturing, testing, placing into the stream of commerce, and selling the Subject Vehicle described in this Complaint in a defective condition, and failing to warn potential purchasers and users and others of the unreasonably dangerous characteristics of the Subject Vehicle as it was equipped at sale.

Plaintiff's Original Complaint

26.     Defendant FORD breached its duties to Plaintiffs by failing to appropriately design, construct, sell and/or manufacture the Subject Vehicle with a forward collision warning and automatic emergency braking systems. Defendant FORD further breached its duties to Plaintiffs by failing to provide an adequate warning about the dangers of a lack of a forward collision warning and automatic emergency braking systems to consumers, or by making such safety systems standard equipment on its vehicles.

27.     Plaintiff's injuries and Cervantes' death were reasonably foreseeable to Defendant FORD.

28.     Plaintiffs could not to the exercise of reasonable diligence have prevented the injuries caused by Defendant FORD's negligence.

29.     Defendant FORD's actions and omissions set forth above directly and proximately caused past and future injury to Plaintiffs, both husband and children, from the death of Cervantes, including but not limited mental anguish, pain and suffering, loss of enjoyment of life, lost wages and benefits Cervantes would have earned, lost care, maintenance, support, advice and counsel, lost love, companionship, comfort and society, lost inheritance, loss of consortium for both Plaintiff Vera and both of his children for the death of their mother, and loss of household contributions.  Further, Plaintiff Vera has suffered loss of relationship with his wife, Cervantes, including but not limited to loss of affection, loss of consortium, loss of companionship, loss of emotional support, loss of martial relations, loss of support and services, loss of financial support, loss of family income and benefits, medical expenses, and loss of enjoyment of life. Plaintiffs have suffered damages in the past and will in reasonable probability continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court. Plaintiffs' injuries from the death of Cervantes are permanent.

30.     Plaintiffs seeks unliquidated damages within the jurisdictional limits of this Court.

31.     All injuries suffered by Plaintiffs relating to this incident, past, present and future, are due to the negligence or gross negligence of Defendant FORD without any contributing negligence on the part of Plaintiffs. Plaintiffs have complied with all conditions precedent to the filing of this action.

32.     For these reasons, Plaintiffs ask that Plaintiffs be awarded a judgment against Defendant FORD for the following: actual damages, prejudgment and post judgment interest, court costs, and all other relief to which Plaintiffs are justly entitled under Texas law.

## JURY DEMAND

33.     Plaintiffs hereby demand a jury trial.

Respectfully submitted,

By:  /s/ J. Ryan Fowler
**J. Ryan Fowler**
**Attorney-in-Charge**
Texas Bar No. 24058357
Federal Bar No. 1060803
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 583-5388
Email: rfowler@potts-law.com

Plaintiff's Original Complaint